1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10 | STEVE JESUS URQUIZO,

11 |          Petitioner,

12 |     v.

13 | WARDEN,

14 |          Respondent.

Case No. 1:25-cv-00699-EPG-HC

ORDER TO SHOW CAUSE WHY
PETITION SHOULD NOT BE DISMISSED
FOR FAILURE TO EXHAUST
ADMINISTRATIVE REMEDIES

15

16     Petitioner Steve Jesus Urquizo is a federal prisoner proceeding *pro se* with a petition for

17 writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## DISCUSSION

20     Rule 4 of the Rules Governing Section 2254 Cases[1] requires preliminary review of a

21 habeas petition and allows a district court to dismiss a petition before the respondent is ordered

22 to file a response, if it "plainly appears from the petition and any attached exhibits that the

23 petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254

24 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

25     "As a prudential matter, courts require that habeas petitioners exhaust all available

26 judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678

27

---

[1] The Rules Governing Section 2254 Cases may apply to § 2241 habeas petitions. See Rule 1(b) of the
Rules Governing Section 2254 Cases.

28

1    F.3d 1042, 1045 (9th Cir. 2012). However, because it is not a jurisdictional prerequisite,

2    exhaustion can be waived. Id. "Exhaustion is not required if: (1) administrative remedies would

3    be futile; (2) the actions of the agency clearly and unambiguously violate statutory or

4    constitutional rights; or (3) the administrative procedure is clearly shown to be inadequate to

5    prevent irreparable injury." Terrell v. Brewer, 935 F.2d 1015, 1019 (9th Cir. 1991).

6            The Federal Bureau of Prisons ("BOP") grievance process is set forth at 28 C.F.R.

7    § 542.10 et seq. "As a first step in this process, an inmate normally must present his complaint

8    informally to prison staff using a BP–8 form." Nunez v. Duncan, 591 F.3d 1217, 1219 (9th Cir.

9    2010).  "If the informal complaint does not resolve the dispute, the inmate may make an

10   'Administrative Remedy Request' concerning the dispute to the prison Warden using a BP–9

11   form." Id. "If the Warden renders an adverse decision on the BP–9, the inmate may appeal to the

12   Regional Director using a BP–10 form." Id. "The inmate may appeal an adverse decision by the

13   Regional Director to the Central Office (also called the General Counsel) of the BOP using a

14   BP–11 form." Id. A final decision from the Office of General Counsel completes the BOP's

15   administrative remedy process. 28 C.F.R. § 542.15(a).

16           The petition challenges the BOP's "failure to timely and properly apply earned time

17   credits under the First Step Act (FSA), despite Petitioner's qualifying participation in approved

18   Evidence-Based Recidivism Reduction (EBRR) Programs and Productive Activities[.]" (ECF

19   No. 1 at 4.[2]) "Petitioner acknowledges that he has not completed the Bureau of Prisons' formal

20   administrative remedy process," but "exhaustion should be excused in this case because pursuing

21   administrative remedies would be futile," noting that the "BOP has adopted a nationwide

22   interpretation and policy concerning First Step Act time credit calculations." (Id. at 4–5.)

23   Petitioner's assertion that exhausting administrative remedies would be futile is conclusory and

24   unsupported. He does not allege the basis for the BOP's alleged failure to properly apply FSA

25   earned time credits nor describe the BOP policy that purportedly dictated the denial of FSA

26   earned time credits. Further, the cases in which the Ninth Circuit has found exhaustion was not

27   required due to futility involved petitioners who had completed at least one step of the BOP

28   ────────────────
     [2] Page numbers refer to the ECF page numbers stamped at the top of the page.

1  review process and whose claims were denied based on official policy. <u>See, e.g.</u>, <u>Ward</u>, 678 F.3d

2  at 1045 (petitioner "exhausted only step one of the three-step BOP administrative remedy

3  system" and warden denied claim based on official BOP policy); <u>Fraley v. U.S. Bureau of</u>

4  <u>Prisons</u>, 1 F.3d 924, 925 (9th Cir. 1993) (petitioner filed request for administrative remedy with

5  BOP and community correctional office denied request, citing official BOP policy).

6        Given that the petition does not allege the basis for the BOP's alleged failure to timely

7  and properly apply Petitioner's FSA earned time credits, it is unclear whether an administrative

8  appeal to develop the factual record would be helpful. However, claims challenging the failure to

9  properly apply earned time credits generally require factual determinations regarding which

10  programs Petitioner has completed, in which programs Petitioner is enrolled, Petitioner's

11  recidivism level, etc. Therefore, "the requirement of exhaustion of remedies will aid judicial

12  review by allowing the appropriate development of a factual record in an expert forum." <u>Ruviwat</u>

13  <u>v. Smith</u>, 701 F.2d 844, 845 (9th Cir. 1983).

14  **II.**

15  **ORDER**

16        Accordingly, IT IS HEREBY ORDERED that Petitioner SHALL SHOW CAUSE why

17  the petition should not be dismissed for failure to exhaust administrative remedies within

18  **THIRTY (30) days** from the date of service of this order.

19        Petitioner is forewarned that failure to follow this order may result in dismissal of the

20  petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or

21  to comply with a court order may result in a dismissal of the action).

22

23  IT IS SO ORDERED.

24    Dated:  __July 23, 2025__           /s/ _Erica P. Grosjean_

25                                       UNITED STATES MAGISTRATE JUDGE

26

27

28