# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE JESUS URQUIZO,<br>Petitioner,<br>v.<br>WARDEN,<br>Respondent. | Case No. 1:25-cv-00699-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT<br><br>(ECF Nos. 1, 17)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |

Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the undersigned recommends granting Respondent's motion to dismiss and dismissing the petition as moot.

**I.**

**BACKGROUND**

In the petition, Petitioner challenges the Federal Bureau of Prisons' ("BOP") failure to timely and properly apply earned time credits under the First Step Act ("FSA"). (ECF No. 1 at 1.[1]) Respondent has filed a motion to dismiss the petition, arguing that the petition should be dismissed for failure to exhaust administrative remedies and dismissed as moot because Petitioner was released to home confinement on November 12, 2025, and is projected to receive 365 FSA credits towards early transfer to supervised release. (ECF No. 17 at 4.) To date,

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

Petitioner has not filed an opposition or statement of non-opposition to the motion to dismiss, and the time for doing so has passed.

## II.

## DISCUSSION

The jurisdiction of federal courts is limited to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

The record before the Court shows that Petitioner was released to home confinement on November 12, 2025, and is projected to receive 365 FSA time credits towards early transfer to supervised release. (ECF No. 17-1 at 3, 6.) Given that Petitioner has failed to oppose the motion to dismiss and it appears "that there is no effective relief remaining that the court could provide," S. Or. Barter Fair v. Jackson Cnty., 372 F.3d 1128, 1134 (9th Cir. 2004), the Court finds that no case or controversy exists and dismissal is warranted on this ground.[2]

## III.

## RECOMMENDATION & ORDER

Accordingly, the undersigned HEREBY RECOMMENDS that Respondent's motion to dismiss (ECF No. 17) be GRANTED and the petition for writ of habeas corpus be DISMISSED as moot.

Further, the Clerk of Court is DIRECTED to randomly ASSIGN a District Court Judge to the present matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within

[2] As the Court finds that the petition should be dismissed for lack of case or controversy, the Court will not address Respondent's argument that the petition should be dismissed for failure to exhaustion administrative remedies.

**FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 24, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE